# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM AND LISA VALESKY,
on behalf of their minor child, D.V.                Civil Action No.:

              Plaintiffs,

v.                                                  **CIVIL COMPLAINT**

THE ROMAN ARCHDIOCESE OF
GREENSBURG, AND AQUINAS                             **JURY TRIAL DEMANDED**
ACADEMY, INC., AND NOURREDINE
DESLAM, an individual.

              Defendants.

## COMPLAINT WITH JURY DEMAND

COMES NOW Plaintiffs, William and Lisa Valesky, on behalf of their minor child whose name shall not be disclosed in this Complaint, and for their causes of action against Defendants states as follows:

### JURISDICTION AND VENUE

1. Plaintiffs allege violations of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a); the Equal Protection and Due Process Clause of the Fourteenth Amendment to the United States Constitution *via* 42 U.S.C. § 1983 ("Section 1983"); and Pennsylvania common law.

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332 and 1343. The Court has pendent jurisdiction over all plaintiffs' state law claims.

3. Venue is proper with this Court pursuant to the provisions of 28 U.S.C. §1391(b) as many of the acts alleged in this Complaint were committed within this Judicial

District.

## PARTIES

4. Plaintiffs are adults residing in Westmoreland County, Pennsylvania and the parents of Jane Doe, a minor child.

5. Plaintiff's minor child, D.V., was born on June 25, 2003, and was a minor at the time of the events alleged herein.

6. Defendant Nourredine Deslam is an adult male, who upon information and belief, currently resides in Westmoreland County, Pennsylvania, and who at the times of the events alleged herein, was employed by Defendant Diocese as a maintenance worker.

7. Defendant Diocese of Greensburg[hereinafter "Diocese"] is a corporation, located in Westmoreland County, Pennsylvania within the geographic area encompassed by the Western District of Pennsylvania. Defendant Diocese has administrative offices and principle place of business located at 911 Armory Drive, Greensburg, Pennsylvania, 15601.

8. Defendant Diocese operates schools throughout the western district of Pennsylvania, and in this case, the school at issue is Aquinas Academy of Greensburg is located at 340 North Main Street, Greensburg, Pennsylvania. Defendant Diocese is a recipient of federal financial assistance.

## BACKGROUND FACTS

11. Plaintiff's minor child was a student at Aquinas Academy during the 2008-09 school year. Plaintiff also attended preschool at Aquinas Academy during the 2007-08 school year.

12. Defendant Deslam was the maintenance worker at the Academy during the

years that Plaintiff attended school.

12. Beginning when Plaintiff was in kindergarten, Defendant Deslam took a special interest in Plaintiff.

13. Defendant Deslam sexually abused the Plaintiff beginning when she was five (5) years old, with the first known incident being in October 2008.

14. The act of sexual abuse included sexual assault, aggravated indecent assault of a child, indecent assault, indecent exposure, false imprisonment and corruption of a minor.

15. The sexual abuse occurred on the property owned and controlled by the Defendant Diocese .

16. Defendant Deslam used his position as the maintenance worker as a means of gaining access to the plaintiff, and other similarly situated students in restrooms.

17. Defendant Deslam used the facilities of the Diocese to gain access to young female students, including the plaintiff.

18. Defendant Deslam operated maintenance facilities with the endorsement of Defendant Diocese, use the facilities of the Defendant Diocese inappropriately, and under the supervision of the Diocese and its agents.

19. Defendant Diocese either knew or had constructive knowledge of Defendant Deslam's sexual misconduct with young children, and of his use position to gain access to young children in order to commit the sexual abuse and misconduct.

## COUNT I
## CHILDHOOD SEXUAL ABUSE AGAINST DEFENDANT DESLAM

20. Plaintiff hereby incorporates by reference each and every allegation heretofore pleaded.

21. Defendant Deslam sexually abused the minor Plaintiff on a regular, frequent

basis during the time she was enrolled as a student at the Academy.

22. Plaintiff's age and minority vitiated any consent to the sexual abuse.

23. Defendant Deslam's abuse of the plaintiff constituted actions that would constitute crimes of childhood sexual abuse, as outlined in 18 Pa. C.S.A §3124.1, 18 Pa. C.S.A §3125(b), 18 Pa. C.S.A §3126(a)(7), 18 Pa. C.S.A §3127 and 18 Pa. C.S.A §6301.

24. Defendant Deslam's actions were willful, wanton or reckless for which punitive damages are appropriate.

25. As a result of the above-described acts, the plaintiff has suffered, and continues to suffer significant and physically diagnosable emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; past and future lost earnings and/or earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

WHEREFORE, Plaintiff prays for judgment against Defendants in Count I for actual and punitive damages in amounts that are fair and reasonable, and for such other and further relief as the Court deems just, fair and proper.

## COUNT II
## CHILDHOOD SEXUAL ABUSE AGAINST DEFENDANT DIOCESE

26. Plaintiff hereby incorporates by reference each and every allegation heretofore pleaded.

27. Defendant Deslam engaged in Childhood Sexual Abuse as defined by Pennsylvania Law.

28. Defendant Diocese either knew or reasonably should have known of Defendant Deslam's unlawful and abusive conduct, assault, and battery of Plaintiff.

29. Defendant Diocese took no action to prevent Defendant Deslam's abusive

conduct, assault or battery.

30. Defendant Diocese  aided and abetted Defendant Deslam's childhood sexual abuse of Plaintiff.

31.  Defendant Diocese  was an accessory after the fact in the sexual abuse, assault and battery of Plaintiff; they condoned and ratified the unlawful and abusive conduct, assault and battery by failing to repudiate it.

32. Therefore, Defendant has committed Childhood Sexual Abuse as defined by Pennsylvania Law.

33.  As a direct and proximate result of the Defendant's wrongful conduct, Plaintiff has suffered, and continues to suffer significant and physically diagnosable emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

34.  Defendants' acts were willful, wanton and malicious, and in reckless disregard of Plaintiff's rights thereby entitling Plaintiff to punitive damages against Defendant.

WHEREFORE, Plaintiff prays for judgment against Defendant in Count II for actual and punitive damages in amounts that are fair and reasonable, and for such other and further relief as the Court deems just, fair and proper.

## COUNT III
### BREACH OF FIDUCIARY/CONFIDENTIAL RELATIONSHIP
### AGAINST ALL DEFENDANTS

35. Plaintiff hereby incorporates by reference each and every allegation heretofore pleaded.

36. As a result of Plaintiff's minority, and by Defendants' undertaking the care,

custody and guidance of the then vulnerable minor plaintiff, Defendant Deslam pursued and acquired a position of power and trust vis-à-vis the minor plaintiff.

37. Further, Defendant Diocese, by holding out the Diocese as safe and secure, solicited and/or accepted this position of empowerment. This empowerment prevented the minor plaintiff from effectively protecting herself.

38. Defendants thus entered into fiduciary and confidential relationships with Plaintiff.

39. As a result of the confidential and fiduciary relationships, Defendants obtained the trust, confidence and custody of the minor plaintiff.

40. Plaintiff reposed trust and confidence in Defendant Deslam as an adult, employee of Defendant Diocese, and as an authority figure.

41. As her caretaker and fiduciary, Defendant Diocese owed the minor plaintiff the duty of trust and loyalty.

42. As fiduciary and confidante to the minor plaintiff, Defendant Diocese owed a strict duty to the minor plaintiff to not deploy their vastly superior resources, education, social and political power, experience and acumen to the detriment of the child.

43. Furthermore, a Defendant Diocese and its agents, including but not limited to Defendant Deslam, owe a duty to protect the child, to operate in the child's best interest, and to act so as to avoid harming the child, including sexually abusing the child.

44. Defendant Diocese breached its fiduciary duties to and confidential relationships with the minor plaintiff and abused its positions of trust and confidence for personal gain and gratification.

45. Defendant Diocese's actions and/or inactions were willful, wanton and reckless

and in complete indifference to or conscious disregard for rights of and the safety of others, including Plaintiff, for which punitive damages are appropriate.

46. As a direct and proximate result of the Defendant Diocese's and Defendant Deslam's wrongful conduct, the plaintiff has suffered, and continues to suffer significant and physically diagnosable emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

WHEREFORE, Plaintiff prays for judgment against Defendants in Count III for actual and punitive damages in amounts that are fair and reasonable, and for such other and further relief as the Court deems just, fair and proper.

### COUNT IV
### NEGLIGENT FAILURE TO SUPERVISE CHILDREN
### AGAINST DEFENDANT DIOCESE

47. Plaintiff hereby incorporates by reference each and every allegation heretofore pleaded.

48. Defendant Diocese had a duty to protect students, including Plaintiff, served by Aquinas Academy.

49. Defendant Diocese undertook and accepted the care, custody and supervision of the minor Plaintiff.

50. Defendant Diocese was in a fiduciary and confidential relationship to Plaintiff.

51. Defendant Diocese knew or reasonably should have known of the behavior of Defendant Deslam that resulted in the sexual abuse of Plaintiff, but failed to take action to protect her.

52. Defendants Diocese stood *in loco parentis* to Plaintiff but failed to exercise that

degree of care necessary to protect Plaintiff from a known harm.

53. Plaintiff's injuries are of the type that Pennsylvania's childhood sexual abuse statutes are designed to protect against.

54. As a direct and proximate result of the defendants' wrongful conduct, the plaintiff has suffered, and continues to suffer significant and physically diagnosable emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

55. Defendants' actions and / or inactions were willful, wanton and reckless and in complete indifference to or conscious disregard for rights of and the safety of others, including Plaintiff, for which punitive damages are appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendants in Count IV for actual and punitive damages in amounts that are fair and reasonable, and for such other and further relief as the Court deems just, fair and equitable.

## COUNT V
## DEFENDANT DIOCESE  LIABILITY UNDER TITLE IX

56. Plaintiff hereby incorporates by reference each and every allegation heretofore pleaded.

57. The Diocese of Greensburg and Aquinas Academy are federally funded educational facilities.

58. The Diocese had actual knowledge and notice of the sexual abuse and harassment of Plaintiff by Defendant Deslam.

59. Defendant Diocese and other agents and employees were deliberately indifferent to the sexual abuse and harassment of Plaintiff.

60.    Defendant Diocese, through Defendant Deslam and other agents and employees, ignored Title IX's mandate for equal educational opportunities.

61. The sexual abuse and harassment occurred in the context of an educational environment.

62. The sexual abuse and harassment had the systematic effect of depriving plaintiff of access to educational benefits or opportunities.

63. Defendant Diocese's alleged policies against sexual harassment and/or sexual abuse and its procedures or mechanisms for reporting sexual harassment and/or sexual abuse claims were inadequate or ineffective.

64. Defendant failed to supervise those persons it employed so as to ascertain that said occurrences were taking place and so as to prevent their repetition.

65.    Defendant Diocese failed to train its employees to provide proper care, treatment, training and education  to plaintiff, and also failed to adhere to its own policies regarding protecting children from sexual abuse.

66.    As a direct and proximate result of the defendants' wrongful conduct, the plaintiff has suffered, and continues to suffer significant and physically diagnosable emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

67.  Defendant Diocese acted with evil motive or reckless indifference to Plaintiff's rights, thereby entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants in Count V for actual and punitive damages in amounts that are fair and reasonable, grant such

declaratory and injunctive relief as is necessary and appropriate to remedy the wrongs alleged herein, award reasonable attorneys' fees and expenses, and for such other and further relief as the Court deems just, fair and equitable.

## COUNT VI
## SECTION 1983 LIABILITY

68. Plaintiff hereby incorporates by reference each and every allegation heretofore pleaded.

69. Plaintiff is a citizen of the United States of America.

70. Defendant Diocese is a person under Section 1983 and is responsible for all official conduct by Defendant Deslam and other agents and employees.

71. As alleged herein, all conduct by Defendants occurred under color of state law.

72. All actions taken by the individual Defendants with respect to Plaintiff was in furtherance of Defendant's governmental policy regarding educational matters.

73. Plaintiff student has a constitutional right, via the Fourteenth Amendment to the U.S. Constitution, to Equal Protection of the laws and substantive and procedural Due Process.

74. Plaintiff has a protected property right to education which cannot be denied arbitrarily and capriciously or without due process of law.

75. Plaintiff has a constitutionally protected liberty interest to be free from sexual abuse in an educational environment.

76. Plaintiff has a constitutionally protected right to be free from arbitrary and capricious action by persons acting under color of law.

77. Plaintiff has a constitutionally protected liberty interest to be free from arbitrary and capricious actions that stigmatize her and create or disseminate a

defamatory impression regarding his conduct.

78. The course of sexual harassment and sexual abuse, described herein, deprived Plaintiff of her constitutionally and federally protected rights described in the proceeding paragraphs.

79. Defendant Diocese, acting under color of state law, placed Plaintiff in a position of danger that she otherwise would not have been in.

80. Defendant Diocese is liable for the unlawful acts of Defendants Deslam for depriving Plaintiff of her constitutionally and federally protected rights as described above.

81. Defendant Diocese demonstrated deliberate indifference toward Plaintiff's constitutional rights by failing to take action that was obviously necessary to prevent or stop the sexual abuse and harassment in violation of her rights under the equal protection clause and/or the due process clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

82. As a direct and proximate result of the defendants' wrongful conduct, the plaintiff has suffered, and continues to suffer significant and physically diagnosable emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

83. Defendant Diocese acted with evil motive or reckless indifference to Plaintiff's rights, thereby entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants in Count VI for actual and punitive damages in amounts that are fair and reasonable, grant such

declaratory and injunctive relief as is necessary and appropriate to remedy the wrongs alleged herein, award reasonable attorneys' fees and expenses, and for such other and further relief as the Court deems just, fair and equitable.

## COUNT VII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### AGAINST ALL DEFENDANTS

84. Plaintiff hereby incorporates by reference each and every allegation heretofore pleaded.

85. The aforementioned conduct of Defendants was extreme and outrageous.

86. Defendants' conduct was intentional.

87. By their conduct, Defendants intentionally and recklessly caused Plaintiff severe emotional distress.

88. As a direct and proximate result of the defendants' wrongful conduct, the plaintiff has suffered, and continues to suffer significant and physically diagnosable emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

89. Defendants acted with evil motive or reckless indifference to Plaintiff's rights, thereby entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants in Count VII for actual and punitive damages in amounts that are fair and reasonable, and for such other and further relief as the Court deems just, fair and equitable.

## COUNT VIII
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### AGAINST ALL DEFENDANTS

90. Plaintiff hereby incorporates by reference each and every allegation heretofore pleaded.

91. Defendants owed the minor Plaintiff a duty to protect her from known dangers while she was in their custody and under their supervision.

92. Defendants owed the minor plaintiff a duty to control their behavior so as to avoid causing medically significant emotional distress to the Plaintiff.

93. Defendants breached their duty to plaintiff.

94. Plaintiff was in the zone of danger of Defendants' negligent actions.

95. Such negligence involved an unreasonable risk of causing emotional distress to Plaintiff.

96. Defendants knew or should have known that their actions or inactions posed a substantial risk of psychologically harming the minor plaintiff and causing him emotional distress.

97. As a direct and proximate result of the defendants' wrongful conduct, the plaintiff has suffered, and continues to suffer significant and physically diagnosable emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

98. Defendants' actions and / or inactions were willful, wanton and reckless and in complete indifference to or conscious disregard for rights of and the safety of others, including Plaintiff, for which punitive damages are appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendants in Count VIII for actual and punitive damages in amounts that are fair and reasonable, and for such other

and further relief as the Court deems just, fair and equitable.

## COUNT IX
## PREMISES LIABILITY AGAINST DEFENDANT DIOCESE

99.  Plaintiff hereby incorporates by reference each and every allegation heretofore pleaded.

100.   At all times relevant, Diocese of Greensburg exposed its students to dangerous conditions on its premises.

101.  Defendant Diocese  and its agents and employees had a duty to protect Plaintiff from foreseeable injury as a result of the unsafe conditions located upon its premises.

102.  Defendant failed to protect Plaintiff.

103.  As a result of these unsafe conditions, Plaintiff was injured.

104.   Defendant had the authority, right and power to control the actions of its teachers, employees and students, and particularly, the actions of Defendant Deslam.

105.   Defendant knew or had reason to know of the propensity or proclivity of Defendant Deslam to engage in inappropriate sexual misconduct or sexual abuse.

106.  Defendant failed to exercise control or take appropriate action to supervise and monitor Defendant Deslam.

107.  As a direct and proximate result of the defendants' wrongful conduct, the plaintiff has suffered, and continues to suffer significant and physically diagnosable emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

108.   Defendant's actions and / or inactions were willful, wanton and reckless and

in complete indifference to or conscious disregard for rights of and the safety of others, including Plaintiff, for which punitive damages are appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendant in Count IX for actual and punitive damages in amounts that are fair and reasonable, and for such other and further relief as the Court deems just, fair and equitable.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all issues triable in this case.

Date:   June 5, 2009                          /s/ Keenan Holmes
                                              Keenan Holmes
                                              Holmes Law Group, LLC
                                              4017 Washington Road, #319
                                              McMurray, PA 15317
                                              412.573.5992
                                              *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the Complaint

was served upon Defendant this 5th day of June 2009, addressed as follows:

911 Armory Drive
Greensburg, Pennsylvania, 15601

_____