IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM AND LISA VALESKY, on behalf of their minor child, <br><br> Plaintiffs, <br><br> vs. <br><br> THE ROMAN ARCHDIOCESE OF GREENSBURG, AND AQUINAS ACADEMY, INC., <br> Defendants. | Civil Action No. 09-0800 |

AMBROSE, District Judge

## OPINION AND ORDER OF THE COURT

### Synopsis

Plaintiffs, the parents of a minor child, assert a claim under Title IX, 20 U.S.C. § 1681 *et seq.*, and state law claims against the Roman Archdiocese of Greensburg (the "Diocese") and Nourredine Deslam ("Deslam") arising from Deslam's alleged sexual abuse of their minor child during the two years she attended the Aquinas Academy, a school operated by the Diocese.[1] Defendants have moved to dismiss the First Amended Complaint, with the exception of Count Five against Deslam, alleging intentional infliction of emotional distress. Jurisdiction is premised upon 28 U.S.C. § 1331 with pendent jurisdiction over state law claims. Because Plaintiffs have failed to state a claim under Title IX, I dismiss the First Amended Complaint

---

[1] Plaintiffs have withdrawn Aquinas Academy as a named defendant in this action. (Pl. Br. at 2.)

without prejudice and grant leave to amend.

**I. Applicable Standards**

In deciding a motion to dismiss under Fed R. Civ. P. 12(b)(6), all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff.  Haspel v. State Farm Mut. Auto. Ins. Co., 2007 WL 2030272, at *1 (3d Cir. July 16, 2007).  In the last two years, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  After the Supreme Court's opinion in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), "it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"  Fowler, 578 F.3d at 210 (quoting Iqbal, 129 S. Ct. at 1949).

"[A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated. . . .Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Id. at 210-211 (citing Iqbal, 129 S. Ct. at 1950).  "As the Supreme Court instructed in *Iqbal,* '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'"  Id. at 211 (quoting Iqbal, 129 S. Ct. at 1949).

**II. Factual Allegations**

Plaintiffs' minor child was a student at Aquinas Academy from 2007-2009 in the school's preschool and kindergarten programs. (First Amended Complaint [Docket No. 7], at ¶ 9.) Defendant Deslam was the maintance worker at the school during those years. (Id. at ¶ 10.) Beginning in October 2008, Deslam sexually abused the Plaintiffs' child on school property, including in the school restrooms. (Id. at ¶¶ 12, 14, 15.) The property was owned and controlled by the Defendant Diocese. (Id. at ¶ 14.)

With respect to Plaintiffs' claim under Title IX, Plaintiffs allege that: "the Diocese of Greensburg and Aquinas Academy are federally funded educational facilities"; "[t]he Diocese had actual knowledge and notice of the sexual abuse and harassment of Plaintiff by Defendant Deslam"; "Defendant Diocese and other agents and employees were deliberately indifferent to the sexual abuse and harassment of Plaintiff"; "Defendant Diocese, through Defendant Deslam and other agents and employees, ignored Title IX's mandate for equal educational opportunities"; "[t]he sexual abuse and harassment occurred in the context of an educational environment"; "[t]he sexual abuse and harassment had the systemic effect of depriving plaintiff of access to educational benefits or opportunities"; "Defendant Diocese's alleged policies against sexual harassment and/or sexual abuse and its procedure or mechanisms for reporting harassment and/or sexual abuse claims were inadequate or ineffective"; "Defendant failed to supervise those persons it employed so as to ascertain that said occurrences were taking place and so as to prevent their repetition"; and "Defendant Diocese failed to train its employees to provide proper care, treatment, training and education to plaintff, and also failed to adhere to its own policies regarding protecting children from sexual abuse." (Id. at ¶¶ 46-54.)

**III. Defendants' Motion To Dismiss**

Defendants seek to dismiss Plaintiffs' claim under Title IX on the grounds that Plaintiffs have failed to meet the pleading standards with respect to this claim. More specifically, Defendants argue that Plaintiffs have failed to allege any factual support for their allegation that the Diocese had actual knowledge and notice of the sexual abuse and harassment of Plaintiffs' minor child. (Def. Mem. at 13-14.)

The Third Circuit, relying on Supreme Court precedent, has held that "damages may not be recovered under Title IX for the sexual harassment of a student by one of the district's teachers unless an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf has actual notice of, and is deliberately indifferent to, the teacher's misconduct." Bostic v. Smyrna School Dist., 418 F.3d 355, 360 (3d Cir. 2005) (quoting Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274 (1988)). "Actual notice must amount to actual knowledge of discrimination in the recipient's programs." Id. "Further, the response must amount to deliberate indifference to discrimination" - in other words, "an official decision by the recipient not to remedy the violation." Id.

The First Amended Complaint contains only conclusory allegations of the elements of a Title IX violation. Apart from the identity of Defendants, Plaintiffs do not allege a single fact in connection with their Title IX claim, including with respect to Defendants' alleged actual notice and deliberate indifference. Under the standard set forth in Iqbal and Fowler, Plaintiff's claim under Title IX must be dismissed.[2]

---

[2]Because the only basis of federal jurisdiction is Plaintiffs' claim under Title IX, dismissal of that claim results in dismissal of the pendent state claims without prejudice.

Plaintiffs argue that if I find their complaint to be lacking factually, they should be given the opportunity to amend the Complaint. (Pl. Br. at 2.)  I agree.  Accordingly, I dismiss the First Amended Complaint without prejudice.  Plaintiffs may file a Second Amended Complaint on or before December 23, 2009.

## Conclusion

Based on the foregoing, Defendants' motion to dismiss is granted without prejudice and Plaintiffs are granted leave to amend.

## ORDER OF COURT

Having carefully considered Defendants' motion to dismiss the Complaint [Docket No. 12] and Plaintiffs' opposition thereto [Docket No. 24], it is hereby ORDERED that Defendants' motion to dismiss is GRANTED.  Plaintiffs may file a second amended complaint on or before December 23, 2009.

Dated: December 9, 2009

                                           BY THE COURT:

                                           /s/ Donetta W. Ambrose
                                           Donetta W. Ambrose,
                                           U.S. District Judge